### Roy A. DAY, Plaintiff-Appellant,

v.

### MICROSOFT CORPORATION; et al., Defendants-Appellees.

No. 16-35195

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017[*]

Filed November 21, 2017

Roy A. Day, Pro Se

Rebecca J. Francis, Attorney, Stephen M. Rummage, Esquire, Davis Wright Tremaine LLP, Seattle, WA, for Defendants-Appellees

Before: CANBY, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM[**]

Roy A. Day appeals pro se from the district court's judgment dismissing for

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

failure to prosecute his diversity action alleging claims arising from his use of Microsoft software and applications. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Day's action after Day failed to commence arbitration proceedings for two years following the district court's order compelling Day to arbitrate his claims. *See id.* (discussing the five factors for determining whether to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.